Justina Melendez, Respondent, v Robert L. Bernstein, Appellant. [815 NYS2d 702]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated May 19, 2005, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint and granted the plaintiff's cross motion for leave to serve an amended complaint adding a cause of action to recover damages for fraud.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion pursuant to CPLR 3211 (a) (5) which were to dismiss the first and second causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to serve an amended complaint adding a cause of action to recover damages for fraud. "Leave to amend a pleading should be freely granted unless the proposed amendment is palpably improper as a matter of law or prejudices or surprises the opposing party" (*Nassau County v Incorporated Vil. of Roslyn,* 182 AD2d 678, 679 [1992]; *see Ricca v Valenti,* 24 AD3d 647, 648 [2005]). Here, unlike the original complaint, the third cause of action in the amended complaint stated a prima facie case of fraud (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]). Additionally, there was no claim of prejudice or surprise.

However, affording the first and second causes of action a liberal construction, only a cause of action to recover damages for legal malpractice is stated (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Thus, the first and second causes of action are time-barred, as the defendant's representation of the plaintiff ended in March 2000 and this action was not commenced until October 2004 (*see* CPLR 214 [6]; *Bouley v Bouley,* 19 AD3d 1049 [2005]; *Carnevali v Herman,* 293 AD2d 698 [2002]). The plaintiff's contention that the six-year contract statute of limitations applies is without merit, as the three-year malpractice

statute of limitations applies "regardless of whether the underlying theory is based in contract or tort" (CPLR 214 [6]). Equally without merit is the plaintiff's contention that the legal malpractice statute of limitations was tolled in this case by the continuous representation doctrine. The record does not disclose that the parties understood that the plaintiff needed further legal assistance relative to the purchase of her home beyond March 9, 2000 (*see McCoy v Feinman,* 99 NY2d 295, 306 [2002]). Accordingly, those branches of the defendant's motion pursuant to CPLR 3211 (a) (5) which were to dismiss the first and second causes of action should have been granted. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.